NOT DESIGNATED FOR PUBLICATION

No. 121,555

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA GENE SCHNEITHORST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed February 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., HILL and LEBEN, JJ.

PER CURIAM: Joshua Gene Schneithorst appeals the district court's revocation of his probation and the imposition of a modified sentence. We granted Schneithorst's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State did not respond. Finding no error, we affirm.

In May 2016, Schneithorst pled guilty to one count of:

- possession of marijuana with intent to distribute;
- felony possession of drug paraphernalia;

1

- possession of marijuana with one prior conviction;
- misdemeanor possession of drug paraphernalia;
- domestic battery; and
- criminal damage to property.

The district court sentenced Schneithorst to 68 months in prison but granted a downward dispositional departure to 36 months' probation with community corrections.

Later, Schneithorst stipulated to violating the terms of his probation:

- He tested positive for and admitted to using marijuana and methamphetamine in June 2018;
- he tested positive for and admitted to using marijuana and alcohol in July 2018;
- he failed to report to community corrections as directed on four separate occasions; and
- he failed to complete a batterers intervention program as directed.

Schneithorst waived his right to a probation violation hearing and agreed to a three-day jail sanction.

In August 2018, Schneithorst again stipulated to violating the terms of his probation—failure to submit to a urinalysis test, he tested positive for and used methamphetamine in July 2018, and he drank alcohol in August 2018. Schneithorst waived his right to a probation violation hearing and agreed to accept another three-day sanction in the Reno County Detention Center.

In November 2018, Schneithorst again stipulated to violating the terms of his probation—he tested positive for and admitted to drinking alcohol in November 2018 and

failed to submit to a urinalysis test. Schneithorst waived his right to a probation violation hearing and agreed to a two-day jail sanction.

In January 2019, Schneithorst's intensive supervision officer issued an order to arrest and detain him for additional probation violations. Specifically, the officer alleged that Schneithorst failed to report to community corrections, failed to engage in substance abuse treatment as directed, and lost his job because he failed to report to work. That same day, the State filed a motion to revoke Schneithorst's probation, citing these new violation allegations and all the previous probation violations to which Schneithorst had stipulated.

At the probation violation hearing, instead of recommending that Schneithorst's probation be revoked, the State asked the district court to impose a 120-day prison sanction. Schneithorst's counsel requested a 30-day or less jail sanction. The district court imposed a 120-day prison sanction and extended Schneithorst's probation another 6 months from the date he finished serving his sanction. The district court warned Schneithorst that it would not give him any additional chances if he violated his probation again.

After Schneithorst served his sanction, his intensive supervision officer issued another order to arrest and detain him for additional probation violations. The officer alleged that Schneithorst failed to report to community corrections on two occasions and that he committed new crimes, including violating a protection order and criminal trespass. The State filed a motion to revoke Schneithorst's probation, citing these new probation violation allegations.

At Schneithorst's second probation violation hearing, the State asked the court to revoke his probation and impose the underlying 68-month prison sentence. Schneithorst's counsel asked the court to reinstate his probation and order that he attend substance abuse

treatment. However, the district court disagreed, stating that Schneithorst had been given several chances to comply with his probation terms and attend treatment. The court accordingly revoked Schneithorst's probation and reduced his prison sentence to 48 months. Schneithorst appeals.

In his motion for summary disposition, Schneithorst argues that the district court abused its discretion because its decision to revoke his probation and order him to serve a prison term in lieu of an intermediate sanction was unreasonable, especially because other treatment options were available.

K.S.A. 2018 Supp. 22-3716 outlines the procedure for revoking a defendant's probation. Once evidence of a probation violation is established, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when

- judicial action is arbitrary, fanciful, or unreasonable;
- is based on an error of law; or
- is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The movant bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2018 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

After reviewing the record, we find that it was not arbitrary, fanciful, or unreasonable for the district court to revoke Schneithorst's probation and impose a modified prison sentence instead of ordering an intermediate sanction or substance abuse

4

treatment. In fact, the record shows that the district court gave Schneithorst several chances to succeed on probation even though it did not have to. See K.S.A. 2018 Supp. 22-3716(c)(9)(B) (dispositional departure to probation). However, Schneithorst could not comply with the basic conditions of his supervision. What is more, even though the district court gave Schneithorst these chances, he once again violated his probation by not reporting to community corrections as directed and by committing new offenses. The fact that Schneithorst committed new offenses while on probation was, on its own, a sufficient reason for revoking his probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A). Thus, the district court was well within its discretion to do so. Schneithorst simply fails to show how a reasonable person would disagree with the district court's decision. Furthermore, Schneithorst does not argue that the court's decision was based on an error of law or fact. Finding none, the district court did not abuse its discretion in revoking Schneithorst's probation. We therefore affirm the district court.

Affirmed.